**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 66**

Docket No. AT-844E-15-0640-I-1

**Anne M. Kent,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

December 31, 2015

<u>Anne M. Kent</u>, Hohenwald, Tennessee, pro se.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**<u>OPINION AND ORDER</u>**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) dismissing her request for reconsideration of OPM's initial decision disallowing her continued receipt of disability retirement benefits. For the reasons set forth below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND this appeal to the regional office for further adjudication in accordance with this Opinion and Order.

BACKGROUND

¶2     The appellant retired from Federal service and began receiving disability retirement benefits under the Federal Employees' Retirement System (FERS) in 1999.[1]  Initial Appeal File (IAF), Tab 5 at 55, 128.  On May 18, 2011, OPM issued a decision informing the appellant that it had determined that she was not eligible for continued disability retirement payments and that her payments would stop after May 1, 2012.  *Id.* at 21, 23.  The decision set forth the appellant's right to request reconsideration of the decision, explaining that the request "<u>must</u> be received by OPM within 30 days of the date of this letter."  *Id.* at 22 (emphasis in original).  The appellant requested reconsideration in a letter dated June 21, 2011, stating, in part, that she received OPM's decision on June 10, 2011.  *Id.* at 19.

¶3     Over 3 years later, by letter dated October 29, 2014, OPM informed the appellant that her reconsideration request was untimely filed outside of the 30-day time limit set forth in the May 18, 2011 decision.  *Id.* at 7.  The letter stated that OPM had the discretion to extend the time limit in limited circumstances prescribed by regulation—specifically, when an individual shows that she was not notified of the time limit and was not otherwise aware of it, or that circumstances beyond her control prevented her from making a timely request for reconsideration.  *Id*.  The letter instructed the appellant to submit evidence showing that she met one of the regulatory criteria for an extension of the time limit within 30 days from the date of the letter.[2]  *Id*. at 7-8.

---

[1] The appellant apparently changed her last name from "Polack" to "Kent" sometime between 2000 and 2011.  Initial Appeal File (IAF), Tab 5 at 21, 36.

[2] It appears that the appellant did not receive the letter.  The agency file contains a copy of an envelope postmarked October 29, 2014, that was undeliverable to the appellant and returned to OPM.  IAF, Tab 5 at 9.  It is unclear from the record whether OPM made further attempts to provide the appellant notice of her burden to show that she was eligible for an extension under OPM's regulations.

¶4  On June 3, 2015,[3] OPM issued a reconsideration decision finding that the appellant's reconsideration request was postmarked June 22, 2011, more than 30 days after the date of the decision disallowing continued disability retirement benefits, and that she had failed to present any evidence showing that she was unable to file a request for reconsideration within the regulatory time limit. *Id.* at 4-5. As such, OPM dismissed the appellant's reconsideration request as untimely filed. *Id.*

¶5  The appellant timely appealed OPM's reconsideration decision to the Board.[4] IAF, Tab 1. The administrative judge issued an order on jurisdiction informing the appellant that where, as here, OPM denies an individual's request for reconsideration as untimely filed, the Board's jurisdiction over the merits of the case attaches only if it is determined that OPM's finding of untimeliness was unreasonable or an abuse of discretion. IAF, Tab 6. The administrative judge thus ordered the appellant to provide evidence and argument as to why she believed that OPM's determination of untimeliness was unreasonable or an abuse of discretion. *Id.* at 1. In response, the appellant stated that she responded to OPM's requests for medical documentation and that she did not receive any other requests or notifications from OPM until 2015. IAF, Tab 7 at 4-5, 7, Tab 10 at 4. In an initial decision based on the parties' written submissions, the administrative judge found that the appellant failed to establish that OPM's determination of untimeliness was unreasonable or an abuse of discretion and affirmed OPM's final decision. IAF, Tab 12, Initial Decision (ID).

¶6  The appellant has filed a petition for review of the initial decision, to which OPM has not responded. Petition for Review File, Tab 1. On review, the

[3] Although the reconsideration decision is dated "June 3, 2014," IAF, Tab 5 at 4, OPM stipulated below that it was issued on June 3, 2015, and that the incorrect year was a typographical error, IAF, Tab 9.

[4] The appellant did not request a hearing. IAF, Tab 1 at 1.

appellant appears to argue that OPM has no proof to show when it received her request for reconsideration and that OPM's decision to discontinue her disability retirement payments will have dire consequences for her family. *Id.* at 3.

## ANALYSIS

¶7 When OPM dismisses an individual's request for reconsideration of an initial decision as untimely, the Board has jurisdiction over an appeal regarding the timeliness determination. *Rossini v. Office of Personnel Management*, 101 M.S.P.R. 289, ¶ 7 (2006); *Baldos v. Office of Personnel Management*, 36 M.S.P.R. 606, 609 (1988). The Board will reverse a decision by OPM dismissing a reconsideration request on timeliness grounds only if it finds that the dismissal was unreasonable or an abuse of discretion. *Cerezo v. Office of Personnel Management*, 94 M.S.P.R. 81, ¶ 9 (2003). If the Board determines that OPM's timeliness determination was unreasonable or an abuse of discretion, Board jurisdiction attaches to the merits of the appeal. *Rossini*, 101 M.S.P.R. 289, ¶ 7; *Baldos*, 36 M.S.P.R. at 609.

¶8 Under FERS, a request for reconsideration of an initial decision issued by OPM regarding retirement benefits generally must be received by OPM within 30 calendar days from the date of the initial decision. 5 C.F.R. § 841.306(d)(1). OPM's regulations provide that OPM may extend the time limit when the individual shows either that: (1) she was not notified of the time limit and was not otherwise aware of it; or (2) she was prevented by circumstances beyond her control from making the request within the time limit. 5 C.F.R. § 841.306(d)(2). If an appellant shows that she qualified for an extension of the time limit under OPM's regulations, the Board then will consider whether OPM acted unreasonably or abused its discretion in refusing to extend the time limit and dismissing her request for reconsideration as untimely filed. *See Davis v. Office of Personnel Management*, 104 M.S.P.R. 70, ¶ 7 (2006) (citing *Azarkhish v.*

*Office of Personnel Management*, 915 F.2d 675, 677-78 (Fed. Cir. 1990)).[5] If, however, the appellant does not first show that she qualified for an extension under OPM's regulatory criteria, the Board will not reach the issue of whether OPM was unreasonable or abused its discretion in denying her untimely request for reconsideration. *Id.* The good cause standard the Board would apply to cases untimely filed with the Board is a more lenient standard than the narrower factual criteria under 5 C.F.R. § 841.306(d)(2). *See Davis*, 104 M.S.P.R. 70, ¶ 7.

The administrative judge erred by first failing to determine whether the appellant was eligible for an extension of the time limit under OPM's regulations.

¶9      In this case, the administrative judge found that the appellant failed to show that OPM's dismissal of her request for reconsideration was unreasonable or an abuse of discretion and, thus, affirmed OPM's reconsideration decision. ID at 3-4. She did not determine first, however, whether the appellant showed that she qualified for an extension of the time limit under 5 C.F.R. § 841.306(d)(2) because she was either unaware of, or unable to comply with, the time limit. ID. This was an error in the administrative judge's legal analysis. *See Davis*, 104 M.S.P.R. 70, ¶ 7. Accordingly, we vacate the initial decision.

The administrative judge failed to give the appellant the correct notice of her jurisdictional burden.

¶10      Generally, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). As discussed above, before the Board may consider whether OPM acted unreasonably or abused its discretion in dismissing a reconsideration request as untimely, an appellant first must show either that she was not notified of the time limit and was not otherwise

---

[5] Although the appellant in *Davis* was covered under the Civil Service Retirement System (CSRS) and the appellant in this matter is covered under FERS, the applicable regulatory standards governing the timeliness of reconsideration requests under CSRS and FERS are essentially identical. *Compare* 5 C.F.R. § 831.109(e), *with* 5 C.F.R. § 841.306(d).

aware of it, or that she was prevented by circumstances beyond her control from making the request within the time limit. *Davis*, 104 M.S.P.R. 70, ¶ 7. Only if the appellant makes such a showing may the Board decide whether OPM's action was unreasonable or an abuse of discretion. *Id.* Here, the administrative judge informed the appellant that, to establish Board jurisdiction over the merits of her reconsideration request, she must show that OPM's determination of untimeliness was unreasonable or an abuse of discretion, and ordered her to provide argument and evidence as to why she believed OPM's determination of untimeliness was unreasonable or an abuse of discretion. IAF, Tab 6. The administrative judge's jurisdictional notice failed to inform the appellant of her initial burden to show that she was eligible for an extension under OPM's regulations prior to showing that OPM's refusal to extend the time limit was unreasonable or an abuse of discretion. *Id.*; *see Davis*, 104 M.S.P.R. 70, ¶ 7. As such, we find that the administrative judge failed to provide the appellant with proper *Burgess* notice.[6]

¶11    In light of the above, we find that the appellant was deprived of a fair opportunity to meet her jurisdictional burden and that remand is necessary to afford her the opportunity to establish jurisdiction over her appeal. On remand, the administrative judge shall provide the appellant explicit notice of her burden of proof, as set forth above, and allow the parties an opportunity to respond. The administrative judge then should make a finding as to whether the appellant has shown that: (1) she qualified for an extension of the time limit to request

---

[6] Although a defective *Burgess* notice may be cured if the agency's pleadings or the initial decision itself puts the appellant on notice of what she must do to establish jurisdiction, *Milam v. Department of Agriculture*, 99 M.S.P.R. 485, ¶ 10 (2005), the initial decision here failed to provide a complete statement of the appellant's jurisdictional burden, *see* ID, and nothing in OPM's submissions cured the defective notice, IAF, Tabs 5, 9.

reconsideration under 5 C.F.R. § 841.306(d)(2);[7] and, if so, (2) OPM's refusal to extend the time limit was unreasonable or an abuse of discretion.[8]  If the administrative judge finds that OPM's denial of the appellant's reconsideration request on timeliness grounds was unreasonable or an abuse of discretion, the Board's jurisdiction attaches to the merits of the appeal, and the administrative judge should proceed to adjudicate the merits of OPM's reconsideration decision. *See Goodman v. Office of Personnel Management*, 100 M.S.P.R. 43, ¶ 12 (2005).

---

[7] In her request for reconsideration dated June 21, 2011, the appellant indicated that she received OPM's May 18, 2011 decision on June 10, 2011.  IAF, Tab 5 at 19.  The Board previously has noted that an individual is entitled to a reasonable period of time to request reconsideration after belated receipt of an initial OPM decision.  *See, e.g.*, *Williams v. Office of Personnel Management*, 100 M.S.P.R. 190, ¶¶ 2-3, 8-10 (2005) (finding that the appellant was prevented by circumstances beyond her control from filing a timely request for reconsideration and that OPM's denial of her request for a 1-day extension was unreasonable and an abuse of discretion where, among other factors, the appellant asserted, and OPM did not rebut, that she did not receive OPM's December 14, 2014 initial decision until December 23, 2014); *Mounce v. Office of Personnel Management*, 98 M.S.P.R. 120, ¶¶ 2-4, 8 (2005) (upholding the administrative judge's determination that OPM was unreasonable and abused its discretion in dismissing as untimely the appellant's request for reconsideration because the appellant belatedly received OPM's initial decision and mailed a request for reconsideration the day after he received OPM's initial decision); *see also Davis*, 104 M.S.P.R. 70, ¶¶ 10-11 (noting in dicta that mailing delays that deprive an appellant of a significant portion of the 30-day time period for filing a request for reconsideration may contribute to a finding that the appellant was prevented by circumstances beyond her control from timely filing a request for reconsideration).  Accordingly, on remand, the administrative judge should determine when the appellant received the initial decision and weigh this factor in determining whether she was prevented by circumstances beyond her control from requesting reconsideration within the 30-day time limit.

[8] In deciding whether OPM's action was unreasonable or an abuse of discretion, the administrative judge should determine, among other things, if OPM made a subsequent attempt to inform the appellant of her opportunity to show that she was eligible for an extension of the filing deadline after its October 29, 2014 letter was returned as undeliverable, the circumstances surrounding the return of the letter, and the effect of OPM's actions, or inactions, on the issue of reasonableness.

## ORDER

¶12     For the foregoing reasons, we vacate the initial decision and remand this matter to the regional office for further development of the record and adjudication in accordance with this Opinion and Order.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.